IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00405-LTB-MJW

WILLIAM ERICKSON,

Plaintiff,

v.

BARRY J. PARDUS, et al.,

Defendants.

---

**RECOMMENDATION THAT ACTION BE DISMISSED FOR
FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH COURT ORDERS, AND
FAILURE TO APPEAR AS DIRECTED**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order by Judge Lewis T. Babcock on July 5, 2007 (Docket No. 97), which re-referred this matter and the remaining claim pursuant to the previous Order of Reference of April 5, 2005 (Docket No. 9). Based upon that Order and the mandate of the Tenth Circuit Court of Appeals entered on July 2, 2007, a status conference was set for July 19, 2007, at 8:30 a.m. (Docket No. 98).

Plaintiff did not appear for that conference. Defense counsel advised the court that the plaintiff was no longer in custody, and defense counsel provided the court with plaintiff's address, at 1272 Pennsylvania St. #25, Denver, Colorado 80203, which he

obtained from plaintiff's parole officer. The court thus set a scheduling conference for September 6, 2007, at 8:30 a.m., and directed that the proposed amended scheduling order be submitted by defense counsel by August 31, 2007. (Docket No. 102). A copy of the Courtroom Minutes/Minute Order from that status conference, which included an order setting the scheduling conference on September 6, 2007, at 8:30 a.m., was sent to the plaintiff at the address provided by defense counsel. That copy was not returned to the court by the U.S. Postal Service.

Plaintiff once again failed to appear as directed for the scheduling conference. Defense counsel appeared and timely filed a proposed scheduling order. The court notes that it was sunny in Denver at the time of the conference, and the roads were clear. In addition, plaintiff did not move to continue the conference, nor did he contact the court in any manner before or at the time set for the conference. The court proceeded with the scheduling conference and entered a Scheduling Order.

In that Scheduling Order, this court set a status conference and show cause hearing for October 15, 2007, at 10:00 a.m. (Docket No. 108 at 9). The copy of that order which was sent to plaintiff's address on Pennsylvania Street in Denver (Docket No. 113) was returned to the court by the Postal Service as undeliverable.

In addition, on September 6, 2007, this court issued a written Order to Show Cause and Order Setting Status Conference (Docket No. 106) in which the court quoted relevant portions of Fed. R. Civ. P. 41(b), 16(f), and 37(b)(2)B), (C), and (D) and directed that plaintiff to appear in person on October 15, 2007, at 10:00 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver,

Colorado, to show cause why this case should not be dismissed based upon plaintiff's failure to appear as directed and failure to prosecute. (Docket No. 106). In addition, plaintiff was directed to forthwith comply with D.C.COLO.LCivR 10.1(M) by filing notice of his change of address and telephone number. The copy of that Order to Show Cause and Order Setting Status Conference which was sent to his Pennsylvania Street address in Denver was returned to the court by the Postal Service as undeliverable. (Docket No. 111).

Plaintiff then failed to appear at the status conference/show cause hearing on October 15, 2007. (Docket 114). Defense counsel Jennifer Veiga informed the court that she believed the plaintiff was currently being held in the Denver County Jail, but she was unsure when he was picked up. She believed plaintiff's trial in that case was set for the end of November 2007. (Docket No. 114). The court thus reset the show cause hearing/status conference to December 7, 2007, at 8:30 a.m. This court's courtroom deputy sent a copy of the courtroom minutes/minute order (Docket No. 114) to the plaintiff at his last known address on Pennsylvania Street and at the Denver County Jail. Both copies were returned to the court as undeliverable. (Docket Nos. 115-16).

On December 7, 2007, plaintiff once again failed to appear. Defense counsel appeared again as directed. The status of the case was placed on the record.

Plaintiff has still not complied with D.C.COLO.LCivR 10.1(M) which requires plaintiff to file notice of a new address and telephone number within ten days after any change.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

Based upon the foregoing, it is hereby

**RECOMMENDED** that this action be dismissed pursuant to Fed. R. Civ. P. 16(f)

and/or 41(b) based upon plaintiff's failure repeated to appear as directed, failure to prosecute, failure to comply with court orders, and failure to provide the court with a change of address. It is further

**ORDERED** that the Clerk of Court shall mail a copy of this Recommendation to the plaintiff at both his Pennsylvania Street address and at the Denver County Jail, 10500 East Smith Road, Denver, CO 80239.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:    December 10, 2007        s/ Michael J. Watanabe
         Denver, Colorado         Michael J. Watanabe
                                  United States Magistrate Judge